# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CHANTE DOVE, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.                                                        Case No. 3:15-cv-251-J-32JRK

MOODY, JONES, INGINO &
MOREHEAD, P.A.,

      Defendant.

_____

## O R D E R

According to the Joint Motion for Class Certification and Preliminary Approval of Class Action Settlement Agreement (Doc. 27), filed on September 23, 2015, the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement (Doc. 27-1) and the Notice of Class Action Settlement (Doc. 27-2). Having considered the motion and supporting papers, the agreement and the exhibits attached thereto, it is hereby

**ORDERED**:

1.    This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement"), and all terms defined therein shall have the same meaning in this Order as set forth therein.

2.    The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under Federal Rule of Civil Procedure 23. The

Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate, and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendant has agreed to pay to the Class what the parties represent to be the maximum statutory liability under 15 U.S.C. § 1693m. The Court also notes that the claims of Plaintiff and the Class are based upon an alleged violation of 15 U.S.C. § 1693e(a) that may not be egregious enough to warrant the maximum statutory award, making the settlement even more adequate. It further appears that, as a result of speedy, voluntary discovery, counsel for the Parties are reasonably able to evaluate their respective positions at this time. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3.     A hearing ("Fairness Hearing") shall be held before this Court on **March 4, 2016**, at **10:00 a.m.**, in **Courtroom 10D** of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the

settlement; whether the Court should finally approve a statutory damages and enhancement payment for the named-plaintiff; and the amount of attorneys' fees and costs to be awarded Class Counsel.

4.      The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Class Notice") (Doc. 27-2). The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the U.S. Constitution and Federal Rule of Civil Procedure 23(e), and that such Class Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5.      For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals in the State of Florida with whom, from March 4, 2014 through the date of this order, Defendant entered into a preauthorized electronic fund transfer agreement by telephone. Excluded from the Class are:

      a.      any person who is already subject to an existing release;

      b.      any person who is deceased as of this date;

      c.      any person who has been discharged in bankruptcy under Title 11 of the United States Code as of the date of this order; and

d.      any Class Member who timely mails a request for exclusion.

6.      For purposes of effectuating this settlement, the Court hereby appoints

Plaintiff Chante Dove as the class representative for the Settlement Class and the

following attorneys as Class Counsel:

> David McDevitt
> Thompson Consumer Law Group, PLLC
> 5235 E Southern Ave
> D106-618
> Mesa, AZ 85215
> 602-845-5969
> dmcdevitt@consumerlawinfo.com
>
> and
>
> Alex D. Weisberg
> Weisberg Consumer Law Group, PA
> 5722 S. Flamingo Rd, Ste. 290 Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@afclaw.com

7.      The Class Notice shall be provided to the Class as follows: on or before

**November 6, 2015**, Plaintiff or her designee will print, copy, and mail the Class

Notice to each Class Member at the most current address reflected in Defendant's

records, with a notation on the envelopes requesting address correction. If any notice

is returned with a new address, the notice shall be re-mailed to the new address. As

to any Class Member whose notice is returned without a forwarding address, Plaintiff

or her designee shall run such Class Member through the National Change of Address

database to seek a good address and shall re-send the Notice to any Class Member for

whom they are able to obtain a new address as a result of such search. Plaintiff shall

use her best efforts to provide prompt re-sending of any returned notices. However,

Plaintiff and Class Counsel shall not be responsible the failure of the Postal Service to timely deliver or return a class notice. Plaintiff shall have no obligation to re-send a notice that is not returned by the Postal Service until after **February 26, 2016**.

8.      Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by **February 26, 2016**. Class Members who wish to exclude themselves from (opt out of) the Class must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than **February 19, 2016**. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9.      Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of the Agreement and shall not receive any of the benefits of the Settlement.

10.     Any written objection to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses, or the proposed Class Representative's award should be filed with the Court no later than **February 12, 2016**, with a copy served upon Class Counsel and Counsel for Defendant. Any written objection should include as much of the following information as possible:

(1)     the objecting party's full name, address, telephone number, and original signature;

(2)     a statement of each objection being made;

(3)     a detailed description of the facts underlying each objection;

(4)     a detailed description of the legal authorities underlying each objection;

(5)     a statement of whether the objector intends to appear at the Fairness Hearing;

(6)     a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing; and

(7)     a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

11.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute, or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions, or occurrences as are alleged in this case, such as Defendant's use of the form letters that are at issue in this case.

12.     This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not finally

approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the <u>status quo ante</u> rights of the parties to this action.

13.     Defendant's Motion to Dismiss First Amended Complaint (Doc. 14) is **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record